**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02077-REB-BNB

XEROX CORPORATION,

    Plaintiff,

v.

AERIOS DIRECT, INC.,

    Defendant.

---

**ORDER GRANTING
PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Request for Entry of Default and for Default Judgment** [#11][1] filed October 29, 2012.  I grant the motion.

Defendant was personally served a copy of the summons and complaint on August 8, 2012.  Defendant failed to answer or otherwise respond within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  *See* **FED. R. CIV. P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default under Fed. R. Civ. P. 55(a) was made by the clerk of the court on October 29, 2012 [#12].  *See Garrett v. Seymour*, 2007 WL 549388 at *2 (10th Cir. Feb. 23, 2007)

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

(describing clerk's entry of default under Rule 55(a) as "a prerequisite for the entry of a default judgment" under Rule 55(b)).[2]

Under Rule 55(b) Plaintiff seeks default judgment against defendant for damages in the amount of $715,150.78 and for costs in the amount of $540.75.[3] The complaint, motion, and concomitant affidavits establish the legal and factual *sine qua non* for the entry of default judgment in the amount requested by plaintiff. Thus the motion should be granted and default judgment should be entered.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Request for Entry of Default and for Default Judgment** [#11] filed October 29, 2012, is **GRANTED**;

2. That default judgment **SHALL BE ENTERED** for plaintiff Xerox corporation against defendant Aerios Direct, Inc. In the amount of $715,150.78, plus post-judgment interest at the statutory rate;

3. That plaintiff Xerox corporation is **AWARDED** its costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

---

[2] Under the law of this circuit, "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor:"

> First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting by affidavit or otherwise that the clerk enter default on the docket. Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the court therefor.

*Williams v. Smithson*, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (internal citations and quotation marks omitted);

[3] Plaintiff is advised that to the extent it is entitled to costs under Fed. R. Civ. P. 54(d)(1), such costs are recoverable only as provided by D.C.COLO.LCivR 54.1.

4.  Than any motion for attorney fees **SHALL BE FILED** in the time and manner prescribed by Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

Dated December 13, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge